OPINION of the Court, by
Judge Logan.'
Tilia, case is very similar in its circumstances to the case of Larue vs. Rust, determined at the present term. The slaves of Hopkins were under Sedition $ Tar Ron as his friend became the purchaser of the slaves — took upon himself the payment of those debts, and obtained from thte officer who had the slaves in custody their surrender to him. The purchase, we apprehend, was made for the benefit of Hopkins, partly with his own money advanced by his wife in his last illness, under assurances that the slaves should be returned upon the payment of the balance.
The defendant, however, contends that those assurances were merely voluntary ; that the money received by him was upon a loan, and that the promise on his part was confined to Hopkins, who is dead, and did not extend to his representatives.
These are qualifications not given by the evidence. The witnesses who seem to have had any knowledge of the agreement, unite in the same understanding, that Hopkins was to have back the negroes. This was the stipulation that seems to have allayed the distress and uneasiness of both himself and wife. But was it as merely resting upon the election of the defendant ? About one third of the debts to be paid, was advanced in money at the time by Mrs. Hopkins. Now is it probable, that this would have been done in the .nature of a loan, but from an understanding that it was to be applied towards, securing their own slaves, especially as the occasion seems to have given considerable distress to Hopkins and his wife ?
The subsequent occurrences introduced by way of defence, being after the death of Hopkins, whatever might he their bearing against the right of his widow, cannot operate to the prejudice of his child, a complainant in this contest. We cannot, however, say that any payment which has been made by the defendant to Mrs. Hopkins, was received by her on account of any interest she possessed in the redemption of the slaves. The defendant was her relation $ he was the administrator of the goods of her husband, in which she was interested.
We are aware of the peculiar hardships which may result to the defendant in raising up a family of young *501 negroes, that are thus to be swept from him. This, however, docs not change the evidence relative to the agreement as originally understood. The case remains in principle as it was left at that time. If in one year, or a less period after the death of Hopkins, the right to redeem the slaves existed, so it does now. His child even at this day appears by her guardian. And there is no doubt that ample provision will and ought to be allowed for raising and maintaining the negro children, during a minority that rendered them incapable ■of real utility to the defendant. Besides, the money advanced by him for the benefit of the estate, as well as that paid for th» negroes, with interest thereon, must he reinu bursed in the settlement of accounts; and he be made to pay reasonable hi reage for the negroes
The decree mast be reversed with costs, and the cause remanded for further proceedings ill conformity with this opinion